# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00031-CV

**M. E. D., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
### NO. C-08-0142-CPS, HONORABLE JAY WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

M.E.D. appeals from the trial court's decree terminating his parental rights to his minor child, Z.B.D. *See* Tex. Fam. Code § 161.001. In support of its petition to terminate M.E.D.'s parental rights, the Texas Department of Family and Protective Services (the Department) alleged that M.E.D. failed to support Z.B.D. in accordance with M.E.D.'s ability during the period of one year ending within six months of the date the Department filed its petition to terminate M.E.D.'s rights, *see id.* § 161.001(1)(F), and that M.E.D. constructively abandoned Z.B.D., *see id.* § 161.001(1)(N). The Department also alleged that termination of M.E.D.'s parental rights was in Z.B.D.'s best interest. *See id.* § 161.001(2). Following a termination hearing, the trial court found by clear and convincing evidence that statutory grounds for terminating M.E.D.'s parental rights existed and that termination was in Z.B.D.'s best interest.

On appeal, M.E.D.'s court-appointed attorney has filed an *Anders* brief informing this Court that she has made a diligent review of the appellate record and can find no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Counsel provided M.E.D. with a copy of the *Anders* brief along with a notice advising M.E.D. of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* brief submitted on M.E.D.'s behalf, and we have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's decree terminating M.E.D.'s parental rights and grant counsel's motion to withdraw as attorney of record.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: April 24, 2014